UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No. 16-CR-0098

BILLIE JO BOTTINE,

    Defendant.

## ORDER DENYING MOTION TO ADJUST PAYMENT SCHEDULE

Defendant Billie Jo Bottine filed a motion asking the court to amend the Judgment in the above matter to order a specific monthly installment. On October 14, 2016, Defendant entered a plea of guilty to three counts of filing a false tax return on behalf of others. Bottine was sentenced on March 15, 2017, to 22 months in prison and ordered to pay over $186,000 in restitution. She is currently serving her sentence at FCI Hazelton in West Virginia and making payments toward her court imposed financial obligations under the Bureau of Prison's (BOP's) Inmate Financial Responsibility Program. The case is before the court on the defendant's motion for an amended judgment to adjust the payment schedule the BOP has set.

Bottine states that she was previously earning approximately $20.00 per month at her prison work, and based on those earnings and monies in her commissary account, the Bureau of Prisons (BOP) had ordered her to pay $25.00 *quarterly* towards her monetary penalties. However after receiving gifts over the holidays from family and friends, Bottine received a change in payment form requiring her to now pay $95.00 *per month* toward her penalties. Bottine claims that she used the gifted funds for materials needed to transfer into new housing to participate in the BOP Residential Drug Treatment Program (RDAP), she no longer has those funds available, and her

family is unable to send her the funds to make the payment. In addition, because she is working less hours due to her participation in RDAP, she is now earning less than $20.00 monthly. Based on these facts, Bottine requests that the court adjust her payment schedule pursuant to 18 U.S.C. § 3664(k) by filing an amended judgment requiring her to make restitution payments of $10 per month.

Bottine's motion is denied. Payment schedules under § 3664 must be set when a defendant is unable to immediately pay the restitution the court has ordered. But the schedule set by the court need not begin until after the defendant's release from prison. In this case, the court ordered restitution to be paid beginning 30 days after her release at a rate of $100 per month or 10% of her net earnings, whichever is greater. Judgment, ECF No. 31, at 5. While serving her sentence, payments toward restitution and other financial obligations are determined by the Bureau of Prisons. *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008). It is not for the sentencing court to decide what a defendant should pay while in prison:

> Courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side). Prisoners dissatisfied with a warden's administration of the Inmate Financial Responsibility Program may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure Act. 5 U.S.C. § 702. Review under the APA is not plenary; it is limited to a search for legal errors and arbitrary application. 5 U.S.C. § 706(2).

*Id.* at 794. Given this clear statement of the law, Bottine's motion must be denied.

In addition to reviewing the law, the court also asked the U.S. Probation supervisor in the division to investigate the issue. Based on the Probation supervisor's communications with BOP, it appears that FRP payments are based on the last six months of deposits in the inmate's account from whatever source. The payment plan is reviewed every six months, and payments are adjusted accordingly. Inmates who refuse to make payments despite the ability to do so, and instead spend their money in the commissary, are counseled. Only if the inmate continues to refuse to make

2

payments is the inmate removed from programs. Bottine's drug counselor was copied with the same information provided the court and should therefore be able to address it with her further if necessary.

In any event, because the court lacks the authority to determine the amount of Bottine's payment under the Inmate Prisoner Responsibility Program, her motion is denied.

**SO ORDERED** this ___12th___ day of April, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
